# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1764-20

NEW JERSEY DIVISION
OF CHILD PROTECTION
AND PERMANENCY,

    Plaintiff-Respondent,

v.

N.I.C-C.,[1]

    Defendant-Appellant,

and

J.M.R.,

    Defendant.

_____

IN THE MATTER OF THE
GUARDIANSHIP OF A.L.R-C.
and R.M.R.C., minors.

_____

Submitted February 28, 2022 – Decided March 9, 2022

---

[1] We use initials for the parties to protect their privacy in accordance with Rule 1:38-3(d)(12) and N.J.S.A. 9:6-8.10a(a).

Before Judges Sabatino and Mayer.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Essex County, Docket No. FG-07-0030-20.

Joseph E. Krakora, Public Defender, attorney for appellant (Christine Olexa Saginor, Designated Counsel, on the briefs).

Matthew J. Platkin, Acting Attorney General, attorney for respondent (Donna Arons, Assistant Attorney General, of counsel; Nicholas Dolinsky, Deputy Attorney General, on the brief).

Joseph E. Krakora, Public Defender, Law Guardian, attorney for minors (Meredith Alexis Pollock, Deputy Public Defender, of counsel; Melissa R. Vance, Assistant Deputy Public Defender, of counsel and on the brief).

PER CURIAM

After a three-day guardianship trial, the trial court terminated the parental rights of defendant N.I.C-C., the biological mother of R.M.R.C. ("the daughter") and A.L.R-C. ("the son"). In an extensive opinion, the trial court found that the Division of Child Protection and Permanency had proven by clear and convincing evidence all four prongs required for termination under N.J.S.A. 30:4C-15.1(a). Defendant now appeals, contending the Division's proofs, which

A-1764-20

she did not rebut with any opposing testimony, were insufficient, and that the trial court did not fairly consider alternatives to termination. We affirm.

The two children involved in this litigation have the same biological parents. The daughter was born in September 2011 and the son was born in May 2015. The biological father of the children, J.M.R., made an identified surrender of his own parental rights conditioned on the adoption of the children by their current resource parents; he is therefore not involved in this appeal.

The Division's proofs at trial may be briefly summarized as follows. Defendant admittedly has long-standing severe cognitive and psychological impairments. Over the course of six years, she and the father repeatedly failed to take care of the children. They neglected the children's medical needs, resulting in the children having head lice for over a year; failed to maintain sanitary conditions in the home; abused drugs and alcohol; and exposed the children to domestic violence. The situation in the household became so severe that at one point the daughter, then age seven, became suicidal and went to the emergency room after she tried to harm herself with a knife.

After multiple referrals, the Division removed the children in February 2018. Since that time, they have thrived in the care of a loving resource family that wishes to adopt them. Although they have no legal obligation to do so, the

3

resource parents are willing to allow continued contact of the children with defendant.

During the period of removal, defendant has been inconsistent with attending scheduled visits with the children, and violated the visitation rules by bringing unrelated men and friends to them. She has no stable employment or relationships. She did not follow through on numerous court-ordered substance abuse and mental health treatments, and domestic violence services.

As conceded by defendant at trial, the Division endeavored to provide defendant with services to attempt to address her parenting limitations, going so far as placing an aide in the home to assist defendant, but they were unsuccessful.

At trial the Division presented testimony from a caseworker and two unrebutted psychological experts, Dr. Jonathan H. Mack and Dr. Thailyn Alonso. Among other things, Dr. Mack opined that defendant's cognitive and psychological impairments are so extreme that she will never be capable of raising the children on her own. Dr. Alonso performed a bonding evaluation that revealed a stronger and more secure attachment of both children with the resource parents than with defendant. Defendant did not testify and presented no witnesses.

Defendant's theme at trial and on this appeal is that she might be able to care for the children with a third party in a co-parenting role. She argues the Division did not fully explore the possibilities of a co-parenting arrangement with her, and that the Division did not properly consider her intellectual impairments when exploring such a hypothetical arrangement with her. Yet defendant never identified a suitable relative or third party to take on a co-parenting role with her. Indeed, she appears to have had very cursory relationships with some of the co-parents she proposed. In addition, she failed to supply adequate contact information for the Division to follow-up with the proposed co-parents. Moreover, defendant failed to appear for scheduled appointments with an expert that had been arranged to evaluate whether co-parenting could be feasible.

As case law makes clear, our standard of review in this Title 30 termination setting is limited. In such cases, the trial court's findings generally should be upheld so long as they are supported by "adequate, substantial, and credible evidence." N.J. Div. of Youth & Fam. Servs. v. R.G., 217 N.J. 527, 552 (2014). The court's decision should only be reversed or altered on appeal if its findings were "so wholly unsupportable as to result in a denial of justice." N.J. Div. of Youth & Fam. Servs. v. P.P., 180 N.J. 494, 511 (2004) (internal

A-1764-20

citations omitted). We must give substantial deference to the trial judge's opportunity to have observed the witnesses first-hand and to evaluate their credibility. R.G., 217 N.J. at 552. We must also recognize the expertise of the Family Part, which repeatedly adjudicates cases brought by the Division under Title 9 and Title 30 involving the alleged abuse or neglect of children. See, e.g., N.J. Div. of Youth & Fam. Servs. v. F.M., 211 N.J. 420, 448 (2012); N.J. Div. of Youth & Fam. Servs. v. L.J.D., 428 N.J. Super. 451, 476 (App. Div. 2012).

Applying that well established deferential standard, we affirm the trial court's judgment, substantially for the sound reasons expressed in the comprehensive fifty-five-page written opinion of Presiding Judge David B. Katz issued on September 1, 2021.[2] It is readily apparent that, despite defendant's claims that the court and the Division failed to explore possible alternatives to termination, such alternatives were reasonably considered, but proved to be unrealistic. There is more than ample credible evidence in the record to support the court's determination. In addition, the children whose fate has been at stake

---

[2] The judge originally issued a lengthy oral opinion on February 12, 2021, shortly after the trial. Because the quality of the transcript of that oral opinion was not suitable for appellate review, the matter was remanded to the trial judge for the preparation of a written version of the opinion, which was issued in September 2021. We further note that the trial proceedings and the judge's oral decision predated the July 2021 amendment to N.J.S.A. 30:4C-15.1(a)(2) removing the last sentence from the second prong of the termination statute.

in this litigation and appeal have a strong interest in attaining permanency.  <u>See,</u> <u>e.g.</u>, <u>In re Guardianship of J.C.</u>, 129 N.J. 1, 26 (1992) ("[C]hildren have an essential and overriding interest in stability and permanency.").

To the extent we have not mentioned them, all other arguments presented by defendant lack sufficient merit to warrant discussion.  <u>R.</u> 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1764-20